UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X  Civil Action No.
JOSE OLIVA and IRAIDA OLIVA,

                        Plaintiffs,  **COLLECTIVE ACTION COMPLAINT**

   -against-

333 SOUTH SERVICE RD, LLC and CATHERINE
DE LUCIA,

                        Defendants.
-----------------------------------------------------------------X

      Plaintiffs, on behalf of themselves and all others similarly situated, by their attorneys, Bell Law Group, PLLC, respectfully allege upon knowledge as to themselves and upon information and belief as to all other matters, the following:

## NATURE OF THE ACTION

1. This action is brought by Plaintiffs pursuant to the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), on behalf of themselves, and all others similarly situated, to seek redress against Defendants for a systematic and collective-wide policy of requiring employees to perform work off the clock without any compensation including overtime compensation for such time in violation of the FLSA and NYLL.

2. Defendants are the owners, operators and/or franchisees of a hotel known as Four Points by Sheraton located at 333 South Service Road, Plainview, New York 11803. Plaintiffs worked for Defendants at the aforesaid hotel performing housekeeping services. Plaintiff Jose Oliva worked for Defendants from April 29, 2023, through July 13, 2023, and Plaintiff Iraida Oliva worked for Defendants from July 30, 2022, through July 13, 2023.

1

3. The general on the clock work schedule assigned to Plaintiffs and other full-time employees was 8:00 a.m. to 4:30 p.m. on weekdays, and 9:00 a.m. to 5:30 p.m. on weekends, with a thirty (30) minute break, five (5) days per week, for forty (40) hours per week. However, Plaintiffs and Defendants' other housekeeping employees were required to perform work beyond this schedule off the clock.

4. Particularly, Plaintiffs as well as Defendants' other housekeeping employees were required by Defendants to start their shifts thirty minutes early at 7:30 a.m. on weekdays and at 8:30 a.m. on weekends yet were not permitted to clock in until 8:00 a.m. on weekdays and 9:00 a.m. on weekends. Furthermore, Plaintiff Jose Oliva was required by Defendants to transport employees to and from work before and after work shifts including on Plaintiff's days off. In the course of performing these duties of transporting employees as directed by Defendants, Plaintiff Jose Oliva's work shifts started at approximately 7:00 a.m. and ended at 6:00 p.m. on weekdays, and he was required to transport employees for one hour or greater each day that he had off.

5. Plaintiff Jose Oliva was paid at an hourly rate of $21.00 and Plaintiff Iraida Oliva was paid at an hourly rate of $16.75 per hour during their employment. However, throughout their employment Plaintiffs were paid solely for their hours on the clock and were not paid any wages, much less overtime wages for the work Plaintiffs were required to perform off the clock. Furthermore, Plaintiffs received inaccurate wage statements each week that did not reflect the actual number of hours and overtime hours worked for the week.

## PARTIES

6. Plaintiff Jose Oliva was and still is a resident of the County of Nassau, State of New York.

7. Plaintiff Iraida Oliva was and still is a resident of the County of Nassau, State of New York.

8. Plaintiffs are covered employees within the meaning of the FLSA, 29 U.S.C. § 201, *et seq.* and NYLL, N.Y. Lab. Law § 190 *et seq*.

9. Defendant 333 South Service Road LLC, doing business and/or known as Four Points by Sheraton, was and still is a domestic limited liability corporation organized and existing under and by virtue of the laws of the State of New York.

10. Defendant Catherine De Lucia was and still is a resident of the State of New York.

11. Defendant Catherine De Lucia was and still is an officer, principal and/or manager of Defendant 333 South Service Road LLC.

12. Defendant Catherine De Lucia was and still is in active control and/or management of the Defendant 333 South Service Road LLC, regulates the employment of persons employed by Defendant 333 South Service Road LLC, acts directly and indirectly in the interest of Defendant 333 South Service Road LLC in relation to the employees, and is thus an employer of Plaintiffs under the FLSA and NYLL.

13. Defendants are covered employers within the meaning of the FLSA, 29 U.S.C. § 201, *et seq.* and NYLL, N.Y. Lab. Law § 190 *et seq*. and, at all relevant times, employed Plaintiffs.

**JURISDICTION AND VENUE**

14. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA.

15. This Court has supplemental jurisdiction of the claim arising under the NYLL pursuant to 28 U.S.C. § 1367, in that the New York State law claims are so closely related to

Plaintiffs' FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

16. Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendants conduct significant business within this judicial district.

## PLAINTIFFS' FACTUAL ALLEGATIONS

17. Defendants are the owners, operators and/or franchisees of a hotel known as Four Points by Sheraton located at 333 South Service Road, Plainview, New York 11803.

18. Upon information and belief, Defendants have employed over fifty (50) housekeeping employees over the past six (6) years.

### *Plaintiff Jose Oliva*

19. Plaintiff Jose Oliva worked for Defendants at Four Points by Sheraton, located at 333 South Service Road, Plainview, New York 11803, as a houseman from April 29, 2023, through July 13, 2023.

20. As a houseman, Plaintiff Jose Oliva's duties included cleaning, sweeping, mopping, vacuuming, laundry, replacing bed linens, cleaning and sanitizing bathrooms and replacing toiletries and towels.

21. Additionally, Plaintiff Jose Oliva was required by his manager Defendant Catherine De Lucia to transport employees to and from work at the hotel.

22. During his employment, Plaintiff Jose Oliva's on the clock schedule was for five (5) days per week, primarily Monday through Friday, which consisted of 8:00 a.m. to 4:30 p.m. on weekdays and 9:00 a.m. to 5:30 p.m. on weekends, for forty (40) hours per week.

23. However, as Plaintiff Jose Oliva was required by Defendant Catherine De Lucia to start work thirty minutes prior to the start of his shifts as well as transport employees to and from work at the hotel, the actual start and end time of Plaintiff Jose Oliva's shifts on weekdays was 7:00 a.m. to 5:00 p.m. and on weekends was 8:00 a.m. to 6:00 p.m.

24. Furthermore, Plaintiff Jose Oliva was required by Defendants to transport employees on his days off in which he performed such duties traveling between his home and Defendants' hotel transporting employees for one hour or greater each day he had off.

25. Despite the foregoing, Plaintiff Jose Oliva was only permitted by Defendants to be on the clock 8:00 a.m. to 4:30 p.m. on weekdays, and 9:00 a.m. to 5:30 p.m. on weekends, and all hours worked outside of this schedule were off the clock hours

26. During his employment, Plaintiff Jose Oliva was paid at an hourly rate of $21.00.

27. However, Plaintiff Jose Oliva was paid his hourly rate only for his hours worked on the clock and Plaintiff did not receive any wages, much less overtime wages, for the hours Plaintiff was required to work beyond the foregoing schedule off the clock.

28. As such, Plaintiff Jose Oliva was deprived of wages, including overtime wages, for his work performed from 7:00 a.m. to 8:00 a.m. and 4:30 p.m. to 5:00 p.m. on weekdays, as well as 8:00 a.m. to 9:00 a.m. and 5:30 p.m. to 6:00 p.m. on weekends.

29. Furthermore, Plaintiff Jose Oliva was deprived of wages, including overtime wages, for one hour or greater each day he had off in which he was required to transport employees to and from the hotel.

30. Additionally, Plaintiff Jose Oliva received inaccurate paystubs throughout his employment that did not reflect his actual hours worked and he did not receive a notice at the time of hiring indicating his hourly and overtime rate of pay.

*Plaintiff Iraida Oliva*

31. Plaintiff Iraida Oliva worked Four Points by Sheraton, located at 333 South Service Road, Plainview, New York 11803, as a housekeeper from July 30, 2022, through July 13, 2023.

32. As a housekeeper, Plaintiff Iraida Oliva duties included cleaning, sweeping, mopping, vacuuming, laundry, replacing bed linens, cleaning and sanitizing bathrooms and replacing toiletries and towels.

33. During her employment, Plaintiff Iraida Oliva was required to work five (5) days per week varying between weekdays and weekends in which Plaintiff worked 7:30 a.m. to 4:30 p.m. on weekdays and 8:30 a.m. to 5:30 p.m. on weekends.

34. Plaintiff Iraida Oliva was paid at an hourly rate of $16.75 per hour.

35. However, Plaintiff Iraida Oliva was not permitted to clock in until 8:00 a.m. on weekdays and 9:00 a.m. on weekends.

36. Nonetheless, Plaintiff Iraida Oliva was required by management throughout her employment to arrive a half hour before her shifts to start work immediately.

37. While Plaintiff Iraida Oliva received her hourly rate for her on the clock time from 8:00 a.m. to 4:30 p.m. on weekdays and 9:00 a.m. to 5:30 p.m. on weekends, she did not receive any wages much less overtime wages for her time worked for the first half hour each shift before she was permitted to clock in.

38. Furthermore, Plaintiff Iraida Oliva received inaccurate paystubs throughout her employment that did not reflect her actual hours worked and she did not receive a notice at the time of hiring indicating her hourly and overtime rate of pay.

## **COLLECTIVE ACTION ALLEGATIONS**

39. Plaintiffs bring this action on behalf of themselves and all other persons who were or are employed by Defendants pursuant to 29 U.S.C. §216(b).

40. Employees are "similarly situated" for purposes of FLSA collective wage suits if they are subject to a common policy, plan, or design.

41. Plaintiffs bring the FLSA claims on behalf of themselves and others similarly situated, namely employees of Defendants who worked as housekeeping employees from the period of October 11, 2020, to the date of final judgment in this matter, and who were required to perform off the clock work for which they did not receive their regular hourly wages, their overtime wages for hours worked in excess of forty (40) hours per week, and who do not opt out of this action (hereinafter referred to as the "Four Points Collective").

42. Upon information and belief, the Four Points Collective consists of approximately fifty (50) similarly situated individuals who have not been paid regular and overtime wages and who would benefit from the issuance of a court-supervised notice of the lawsuit and the opportunity to join the lawsuit.

43. Defendants have failed to pay regular wages and overtime wages to employees other than those in Four Points Collective, and Plaintiffs reserve the right to broaden their definition of the collective group and/or add subgroups to this claim as additional members are discovered.

44. Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiffs and others similarly situated.

45. Those similarly situated potential collective members are known to Defendants, are readily identifiable, and can be located through Defendants' records.

**CLASS ACTION ALLEGATIONS**

46. Plaintiffs bring the state law claims on behalf of themselves and other similarly situated as a representative of a class of all non-exempt housekeeping workers employed by Defendants within the six years prior to the filing of this complaint.

47. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, for purposes of the state law claims, Plaintiffs seek the certification of a class of all persons who, during the relevant time period of October 11, 2017 to the date of final judgment in this matter, have been employed by Defendants as housekeeping employees at Four Points Sheraton; were required to work off the clock and were not paid their full regular wages and overtime wages for their time worked off the clock; who were not provided wage payment statements; and who were not provided with notices of their pay rate upon the commencement of their employment (hereinafter referred to as the "Four Points Class").

48. Upon information and belief, the Four Points Class includes over two hundred (100) similarly situated individuals who have not been paid their full regular wages, overtime wages, who have not received wage payment statements or hiring pay rate notices, and who would benefit from the issuance of a court-supervised notice of the lawsuit and the opportunity to join the lawsuit.

49. The class is so numerous as to make it impracticable to join all members of the class as Plaintiffs.

50. There are questions of law and fact common to all members of the class and those questions predominate over any question affecting only individual class members. Defendants have acted on grounds generally applicable to all class members, in that Defendants' acts and omissions constitute a violation of the wage laws of the State of New York.

51. Common questions of law and fact include, but are not limited to, the following:

   A. Whether Defendants have consistently failed to pay Plaintiffs and class members their regular wages for their complete number of hours worked as required by the NYLL;

   B. Whether Defendants have consistently failed to pay Plaintiffs and class members overtime wages at one and one-half times their regular rate of pay as required by the NYLL;

   C. Whether Defendants failed to provide Plaintiffs and class members with accurate wage payment statements as required by the NYLL;

   D. Whether Defendants have failed to provide Plaintiffs and class members proper notice of their rate of pay and basis thereof at the time of hire as required by the NYLL;

   E. Whether Defendants have, in failing to make required payments to Plaintiffs and others similarly situated, acted willfully and with the intent of depriving members of the class of such compensation; and

52. Plaintiffs' regular wages, overtime wages, wage payment statements and wage rate notification claims and Defendants' anticipated affirmative defenses thereto are typical of the claims of and against all class members.

53. Plaintiffs will fairly and adequately protect the interests of all class members in the prosecution of this action and in the administration of all matters relating to the claims of the class. Plaintiffs are similarly situated with, and have suffered similar violations and damages as, the members of the class Plaintiffs seek to represent.

54. Plaintiffs have retained counsel capable of handling class action suits. Neither Plaintiffs nor their counsel have an interest which is in conflict with the class or which might cause them not to vigorously pursue this action.

55. Pursuant to F.R.C.P. 23(b)(1), class certification is appropriate here because the prosecution of separate actions by class members could result in either inconsistent adjudications establishing incompatible pay practices, or could as a practical matter dispose of the legal claims of class members not parties to such separate adjudications.

56. Pursuant to F.R.C.P. 23(b)(3), class certification is appropriate here because questions of law or fact common to members of the class predominate over any questions affecting only individual members and because a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## CLASS AND COLLECTIVE-WIDE FACTUAL ALLEGATIONS

57. Plaintiffs and members of the Four Points Class and Four Points Collective defined above (collectively, "Four Points Group") have been victims of a common policy and plan perpetrated by Defendants that has violated their rights under the FLSA and NYLL by denying them pay, including regular wages and overtime wages, and by failing to provide them with wage payment statements and hiring wage rate notifications.

58. As part of their ongoing business practice, Defendants have intentionally, willfully and repeatedly harmed Plaintiffs and the Four Points Group by violating the FLSA and/or the NYLL.

59. Defendants have substantially benefitted and profited from the work that Plaintiffs and Four Points Group have performed.

60. Defendants failed to keep accurate records of the hours worked by the Plaintiffs and the Four Points Group.

61. Defendants' unlawful conduct, policies and practices have been widespread, repeated, and consistent.

62. Defendants' conduct, policies, and practices as described herein are ongoing and continuing.

63. Defendants' conduct, policies and practices have been intentional, willful, and in bad faith, and has caused significant damages to the Plaintiffs and the Four Points Group.

## AS AND FOR THE FIRST CAUSE OF ACTION
(*Unpaid Wages FLSA*)

64. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

65. At all relevant times, Plaintiffs and the Four Points Collective were employees of Defendants within the meaning of 29 U.S.C. § 203(e).

66. At all relevant times, Defendants employed Plaintiffs and the Four Points Collective within the meaning of 29 U.S.C. § 203(g).

67. As the Defendants shared control of the services of the Plaintiffs and the Four Points Collective, Defendants are a single "employer" as defined by the Fair Labor Standards Act.

68. At all relevant times, Defendants were engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (m) and 206(a).

69. At all relevant times, Defendants annual volume of business exceeds $500,000.00 and thus subjects Defendants to the requirements of the FLSA.

70. At all relevant times, Defendants were required to compensate employees for all hours suffered or permitted to work pursuant to the FLSA, 29 U.S.C. § 201 *et seq*.

71. Defendants have violated FLSA by failing to compensate Plaintiffs and the Four Points Collective for the full number of hours Plaintiffs and the Four Points Collective were required or permitted to work.

72. As a result of Defendants' violations of the law and failure to pay Plaintiffs and the Four Points Collective wages for the full number of hours worked, Plaintiffs and the Four Points Collective have been damaged and are entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, costs and interest, pursuant to the FLSA, 29 U.S.C. § 216(b).

73. Defendants willfully, knowingly and intentionally failed to compensate Plaintiffs and the Four Points Collective the full wages to which Plaintiffs and the Four Points Collective were entitled.

74. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the Four Points Collective.

75. Due to Defendants' intentional and willful failure to pay Plaintiffs and the Four Points Collective wages for the full number of hours worked, Plaintiffs and the Four Points Collective are entitled to additional liquidated damages equal to one hundred percent of the total amount of wages due, pursuant to the FLSA, 29 U.S.C. § 216(b).

### AS AND FOR THE SECOND CAUSE OF ACTION
(*Unpaid Wages NYLL*)

76. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

77. At all relevant times, Plaintiffs and the Four Points Class were employees and Defendants were Plaintiffs and the Four Points Class's employers within the meaning of N.Y. Lab. Law §§ 190, 651 and 652.

78. At all relevant times, Defendants were required to compensate employees for all hours suffered or permitted to work pursuant to N.Y. Lab. Law §§ 191, 650 *et seq.* and 12 NYCRR § 142 *et seq.*

79. Defendants have violated NYLL by failing to compensate Plaintiffs and the Four Points Class for the full number of hours Plaintiffs and the Four Points Class were required or permitted to work.

80. As a result of Defendants' violations of the law and failure to pay Plaintiffs and the Four Points Class's wages for the full number of hours worked, Plaintiffs and the Four Points Class have been damaged and are entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, costs and interest, pursuant to N.Y. Lab. Law §§ 198 and 663.

81. Defendants willfully, knowingly and intentionally failed to compensate Plaintiffs and the Four Points Class the full wages to which Plaintiffs and the Four Points Class were entitled.

82. Defendants have not made a good faith effort to comply with the NYLL with respect to the compensation of Plaintiffs and the Four Points Class.

83. Due to Defendants' intentional and willful failure to pay Plaintiffs and the Four Points Class wages for the full number of hours worked, Plaintiffs and the Four Points Class are entitled to additional liquidated damages equal to one hundred percent of the total amount of wages due, pursuant to NYLL §§ 198 and 663.

## AS AND FOR THE THIRD CAUSE OF ACTION
*(Overtime under the FLSA)*

84. Plaintiffs repeat and reallege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

85. At all relevant times, Defendants were subject to the overtime wage requirements set forth in the FLSA, 29 U.S.C. §§ 201 *et seq*.

86. Pursuant to FLSA, 29 U.S.C. § 201 *et seq*., non-exempt employees are required to be paid one and one-half times the employees' regular rate of pay for any hours in excess of forty (40) worked in any workweek.

87. Plaintiffs and the Four Points Collective were entitled to be paid one and one-half times Plaintiffs and the Four Points Collective's regular hourly rate for any hours worked in excess of forty (40) hours in any workweek.

88. Defendants required Plaintiffs and the Four Points Collective to work more than forty (40) hours a week, and Plaintiffs and the Four Points Collective regularly worked more than forty (40) hours a week throughout their employment.

89. At no time have Defendants paid Plaintiffs and the Four Points Collective a rate of one and one-half times Plaintiffs and the Four Points Collective's hourly rate of pay for all of the hours Plaintiffs and the Four Points Collective worked in excess of forty (40) hours per week.

90. Defendants willfully, knowingly and intentionally did not compensate Plaintiffs and the Four Points Collective for overtime at a rate of one and one-half times Plaintiffs and the Four Points Collective's hourly rate of pay for all of the hours Plaintiffs and the Four Points Collective worked in excess of forty (40) hours per week.

91. As a result of Defendants' violations of the law and failures to pay Plaintiffs and the Four Points Collective required regular and overtime wages, Plaintiffs and the Four Points Collective have been damaged and are entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, costs and interest, pursuant to 29 U.S.C. § 216(b).

92. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages to Plaintiff and the Four Points Collective was in compliance with the law, Plaintiffs and the Four Points Collective are entitled to additional damages equal to one hundred percent of the total amount of wages due, pursuant to 29 U.S.C. § 216(b).

93. Members of the Four Points Collective are entitled to collectively participate in this action by choosing to "opt-in" and submit written Consents to Join this action pursuant to 29 U.S.C. § 216(b).

## AS AND FOR THE FOURTH CAUSE OF ACTION
*(Overtime under the NYLL)*

94. Plaintiffs hereby repeat and re-allege each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

95. At all relevant times, Defendants were subject to the overtime wage requirements set forth in Article 19 of the NYLL.

96. Pursuant to NYLL § 650 *et seq.* and 12 NYCRR 142-2.2, non-exempt employees are required to be paid one and one-half times the employees' regular rate of pay for any hours in excess of forty (40) worked in any workweek.

97. Plaintiffs and the Four Points Class were entitled to be paid one and one-half times the minimum wage rate and/or Plaintiffs and the Four Points Class's regular hourly rate for any hours in excess of forty (40) worked in any workweek.

98. Defendants required Plaintiffs and the Four Points Class to work more than forty (40) hours a week, and Plaintiffs and the Four Points Class regularly worked more than forty (40) hours a week throughout their employment.

99. At no time have Defendants paid Plaintiffs and the Four Points Class a rate of one and one-half times Plaintiffs and the Four Points Class's hourly rate of pay for all of the hours they worked in excess of forty (40) hours per week.

100. Defendants willfully, knowingly and intentionally did not compensate Plaintiffs and the Four Points Class for overtime at a rate of one and one-half times their hourly rate of pay for all of the hours they worked in excess of forty (40) hours per week.

101. As a result of Defendants' violations of the law and failures to pay Plaintiffs and the Four Points Class required regular and overtime wages, Plaintiffs and the Four Points Class have been damaged and are entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, costs and interest, pursuant to NYLL § 198 and 12 NYCRR § 142-2.2.

102. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages to Plaintiffs and the Four Points Class was in compliance with the law, Plaintiffs and the Four Points Class are entitled to additional damages equal to one hundred percent of the total amount of wages due, pursuant to NYLL§ 198.

## AS AND FOR THE FIFTH CAUSE OF ACTION
*(Wage Statements NYLL § 195(3))*

103. Plaintiffs hereby repeat and re-allege each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

104. Pursuant to NYLL § 195(3), employers are required to furnish accurate wage statements to their employees with every payment of wages.

105. Defendants failed to furnish accurate wage statements to Plaintiffs and the Four Points Class in violation of NYLL § 195(3) by, *inter alia*, failing to provide Plaintiffs and the Four Points Class with accurate statements of their full wages, hours worked, regular rate of pay, overtime rate of pay or other information required by NYLL § 195(3).

106. The foregoing conduct of Defendants constitutes willful violations of the NYLL and/or its regulations.

107. As Defendants failed to provide proper wage payment statements under NYLL 195(3), Plaintiffs and the Four Points Class are entitled to liquidated damages of $250.00 for each day that such violations occurred, up to a total of $5,000, together with attorneys' fees, costs and interest.

**AS AND FOR THE SIXTH CAUSE OF ACTION**
*(Wage Theft Prevention Act Notification NYLL § 195(1))*

108. Plaintiffs hereby repeat and re-allege each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

109. NYLL § 195(1) requires employers to furnish employees at the time of hiring, a notice of the rate or rates of pay and basis thereof, the name of the employer, any doing business as names and the main office or principal place of business.

110. Defendants failed to furnish such a statement to Plaintiffs and the Four Points Class in violation of NYLL § 195(1) by, *inter alia*, failing to provide Plaintiffs and the Four Points Class at the time of hiring with an accurate statement of Plaintiffs' regular rate of pay, the basis thereof, and other information required by NYLL § 195(1).

111. The foregoing conduct of Defendants constitutes willful violations of the NYLL and/or its regulations.

112. As Defendants failed to provide Plaintiffs and the Four Points Class with proper a proper notice under NYLL 195(1), Plaintiffs and the Four Points Class are entitled to liquidated damages of $50.00 for each day that such violations continued, up to a total of $5,000.00, together with all reasonable attorneys' fees, costs and interest.

**WHEREFORE**, Plaintiffs, on behalf of themselves and all other similarly situated persons, seek the following relief:

A. That, at the earliest time possible, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to the Four Points Collective. Such notice shall inform the Four Points Collective that this civil action has been filed, of the nature of the action, and of their right to join this action;

B. Certification of the Four Points Class pursuant to Rule 23 of the Federal Rules of Civil Procedure; designation of Plaintiffs as class representative; designation of Plaintiffs' counsel as class counsel; and a reasonable incentive payment to Plaintiffs;

C. On the First Cause of Action on behalf of Plaintiffs and Four Points Collective members against Defendants, for all wages due, an additional award of one hundred percent of all wages, along with all reasonable attorneys' fees, costs and interest, in an amount to be determined by this Court but greater than the jurisdictional minimum;

D. On the Second Cause of Action on behalf of Plaintiffs and Four Points Class members against Defendants, for all wages due, an additional award of one hundred percent of all wages, along with all reasonable attorneys' fees, costs and interest, in an amount to be determined by this Court but greater than the jurisdictional minimum;

E. On the Third Cause of Action on behalf of Plaintiffs and Four Points Collective members against Defendants, for all overtime wages due, an additional award of one hundred percent

of all wages, along with all reasonable attorneys' fees, costs and interest, in an amount to be determined by this Court but greater than the jurisdictional minimum;

F. On the Fourth Cause of Action on behalf of Plaintiffs and the Four Points Class members against Defendants, for all overtime wages due, an additional award of one hundred percent of all wages, along with all reasonable attorneys' fees, costs and interest, in an amount to be determined by this Court but greater than the jurisdictional minimum;

G. On the Fifth Cause of Action on behalf of Plaintiffs and Four Points Class Members against Defendants for failing to provide proper statements with every payment of wages, liquidated damages in the amount of $250.00 per day for every work week in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees, costs and interest, in an amount to be determined by this Court but greater than the jurisdictional minimum;

H. On the Sixth Cause of Action on behalf of Plaintiffs and Four Points Class Members against Defendants for failing to provide a proper notice at the time of hiring of the rate of pay and basis thereof in an amount of $50.00 per day, up to a maximum of $5,000.00, along with all reasonable attorneys' fees, costs and interest.

I. Such other and further relief as is just and proper.

Dated: Syosset, New York
February 14, 2024

Respectfully submitted,
BELL LAW GROUP, PLLC

By: */s/ Jon Bell*
Jon Bell, Esq.
*Attorneys for Plaintiff*
116 Jackson Avenue
Syosset, New York 11791
(516) 280-3008
JB@Belllg.com