

**Bell Law Group, PLLC**
116 Jackson Avenue
Syosset, New York 11791
T (516) 280-3008
F (516) 706-4692
BellLG.com

March 26, 2025

**Via ECF**
Magistrate Judge Lee G. Dunst
United States District Court
Eastern District of New York
225 Cadman Plaza
Brooklyn, New York 11201

      Re:    **Oliva et al v. 333 South Service Rd, LLC et al**
               **2:24-cv-01160-LGD**

Dear Judge Dunst:

      This firm represents Plaintiffs, Jose Oliva and Iraida Oliva (collectively, the "Plaintiffs"), in the above-referenced matter. Plaintiffs write jointly with Defendants (collectively, the "Parties") to request that the Court approve the settlement agreement (the "Agreement") reached by the Parties herein as "fair and reasonable" and that the Court dismiss this litigation with prejudice, discontinuing this case while retaining jurisdiction over the implementation of the Agreement. A true and correct copy of the Agreement is attached as **Exhibit A**.

      Plaintiffs have agreed to settle all of their claims in this action. Specifically, the Parties and their counsel have considered that the interests of all concerned are best served by compromise, settlement and dismissal of these claims with prejudice, in exchange for consideration as set forth in the Agreement. The Agreement is the result of arms-length bargaining between the Parties, both of whom were represented by attorneys with substantial experience in wage and hour litigation. The Agreement reflects a desire by the Parties to fully and finally settle and compromise all of Plaintiffs' claims asserted in this case as outlined more specifically in the attached Agreement. The Parties have concluded that the Agreement is fair, reasonable, adequate, and in the Parties' mutual best interests.

      For these reasons and based on the reasons set forth below, the Parties jointly and respectfully request that the Court enter an Order approving the settlement as fair and reasonable.

      **I.**    **Statement of the Case**

      This is an action for money damages brought by Plaintiffs Jose Oliva and Iraida Oliva, who allegedly worked for Defendants as a houseman/housekeeper. On February 14, 2024, Plaintiffs filed the original Complaint in this action, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA") and violations of the New York Labor Law §§ 190 *et seq.* (the "NYLL").

---



**Bell Law Group, PLLC**
116 Jackson Avenue
Syosset, New York 11791
T (516) 280-3008
F (516) 706-4692
BellLG.com

Specifically, Plaintiffs alleged Defendants engaged in a variety of FLSA and NYLL violations, including failure to pay minimum wage, failure to pay overtime, failure to pay for all hours worked, and violation of the wage notice and wage statement requirements of the New York Labor Law (N.Y. Lab. Law. § 195).

Defendants denied the allegations and asserted several affirmative defenses. Specifically, it is Defendants' position that Plaintiffs grossly exaggerate the scope of their claims. Defendants maintain that the evidence would demonstrate that Plaintiffs worked a limited amount of overtime, if at all. Moreover, Defendants assert that Plaintiffs' wage notice and wage statement claims under N.Y. Lab. Law § 195 are subject to dismissal for lack of Article III standing.

## II.   The Proposed Settlement is Fair and Reasonable

Under the settlement, Defendants will pay $18,000.00 to settle all claims. Of this amount, $6,414.45 will be attorney's fees with the remainder ($11,585.55) to go to Plaintiffs as follows: Jose Oliva to receive $8,585.55 and Iraida Oliva to receive $3,000.00.

As per Plaintiffs' damage calculations, Plaintiff Iraida Oliva was owed $16,425.80 and Plaintiff Jose Oliva was owed $24,689.74. These amounts are inclusive of liquidated damages and penalties under N.Y. Lab. Law § 195. Plaintiffs' calculations are based on an optimistic, best-case scenario outcome, and assume that all of the disputed facts alleged by Plaintiffs are entirely correct, and that Plaintiffs prevail on all claims. However, during settlement negotiations, Defendants produced time records for both the Plaintiffs. The Defendants maintained the position that this evidence demonstrated that Plaintiffs worked a limited amount of overtime, if at all. The Plaintiffs understood the weakness of their claims and the risks they would take in pursuing their claims further. As such, the Plaintiffs agreed to accept a lower amount than they originally believed they were owed. Under this settlement agreement, both the Plaintiffs are recovering their base wages owed not including liquidated damages and penalties. As such, Plaintiffs consider the settlement amount to be a favorable recovery. Plaintiffs believe that the settlement amount is a fair result, which eliminated the delay and risks of trial and collection.

Under Lynn's Food, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" Le v. Sita Information Networking Computing USA, Inc., No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354 (11th Cir. 1982)); see also Kopera v. Home Depot U.S.A., Inc., No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Additionally, the settlement is sufficiently narrow in scope, as the release is limited in scope.



Bell Law Group, PLLC
116 Jackson Avenue
Syosset, New York 11791
T (516) 280-3008
F (516) 706-4692
BellLG.com

### III. Plaintiff's Attorneys' Fees are Fair and Reasonable

In addition to assessing the reasonableness of the settlement amount, most courts since *Cheeks* have found that courts "must also assess the reasonableness of any attorneys' fee award." *Velasquez v. SAFI-G, Inc.*, 137 F. Supp. 3d 582, 585 (S.D.N.Y. Oct. 7, 2015) (citing *Wolinsky*, 900 F. Supp. 2d at 336). When courts examine attorneys' fee awards in Rule 41 FLSA settlements, it is "to ensure that the interest of Plaintiff's counsel in counsel's own compensation [did not] adversely affect the extent of the relief counsel [procured] for the clients." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013) (citing *Wolinsky*, 900 F. Supp. 2d at 336).

Here, the portion of the settlement sum attributable to attorneys' fees is $6,414.45, which represents 1/3 of the total settlement, and another $414.45 as reimbursement for reasonable expenses. Courts in this Circuit routinely approve attorneys' fees awards at a rate of one-third of the total settlement. *See* Brito v. Marina's Bakery Corp., 19-CV00828(KAM)(MMH), 2022 WL 875099, at *26 (E.D.N.Y., Mar. 24, 2022) (listing cases); Santos v. E T & K Foods, Inc., No. 16-CIV-7107(DLI)(VMS), 2019 WL 2435857, at *9 (E.D.N.Y. Feb. 26, 2019) (approving attorneys' fees of one-third of FLSA settlement amount, plus costs, pursuant to plaintiff's retainer agreement, and noting that such a fee arrangement "is routinely approved by the courts in this Circuit") (citing cases); Fernandez v. Masterypro Grp., No. 18-CIV-4540 (HBP), 2019 WL 4412804, at *3 (S.D.N.Y. Sept. 16, 2019) (finding the fee to be reasonable; contingency fees of one-third in FLSA cases are routinely approved in this Circuit); Aly v. Dr. Pepper Snapple Grp., Inc., No. 18-CV-4230 (FB)(LB), 2019 WL 3388947, at *5 (E.D.N.Y. June 13, 2019), report and recommendation adopted, No. 18-CV-4230 (FB)(LB), 2019 WL 3388925 (E.D.N.Y. July 26, 2019) ("[P]laintiffs' attorney's fees in the amount of $10,000.00 should be approved as fair and reasonable in this case. This amount represents one-third of the proposed settlement.").

Moreover, the reasonableness of Plaintiffs' counsel's requested fee is further solidified by "[a]pplying the lodestar method as a cross check." *See Fresno County Employees' Retirement Assoc.*, 925 F.3d at 72 ("district courts should use the lodestar as a baseline against which to cross-check a percentage fee"); *Flores v. Mamma Lombardi's of Holbrook, Inc.*, 104 F. Supp. 3d 290, 308 (E.D.N.Y. 2015) ("[E]ven where a court employs the percentage method, it must cross-check the percentage fee award against the lodestar to ensure reasonability."); *See Sewell v. Bovis Lend Lease, Inc.*, No. 09 Civ. 6548, 2012 U.S. Dist. LEXIS 53556, 2012 WL 1320124, at *13 (S.D.N.Y. 2012) ("[W]here the lodestar method is used as a mere cross-check, the hours documented by counsel need not be exhaustively scrutinized by the district court.").

In order to calculate the lodestar check, the undersigned multiplied the total amount of hours spent on the case by a reasonable hourly rate consistent with the rates awarded in this district in FLSA cases. *See Wenping Wang v Masago Neo Asian Inc.*, 2016 US Dist LEXIS 132997, at *9 (EDNY Sep. 26, 2016) ("The reasonableness of hourly rates is guided by the market rate "[p]revailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation," *Blum v. Stenson*, 465 U.S. 886, 895 n.11, 104 S. Ct. 1541, 79 L. Ed.

5 Penn Plaza, 23rd Floor    100 Quentin Roosevelt Blvd. Ste. 208    1629 K Street, NW, Suite 300    10750 NW 6th Court
New York, NY 10001          Garden City, NY 11530                    Washington, DC 20006            Miami, FL 33168



**Bell Law Group, PLLC**
116 Jackson Avenue
Syosset, New York 11791
T (516) 280-3008
F (516) 706-4692
BellLG.com

2d 891 (1984), and the relevant community is generally the "district in which the court sits,") *Polk v. New York State Dep't of Corr. Servs.*, 722 F.2d 23, 25 (2d Cir. 1983).

As of the date of this filing, Plaintiffs' counsel has billed approximately 48.7 hours on this file, for a fee of approximately $18,325.00, an amount nearly triple the fee of $6,414.45 that counsel seeks herein.[1]  This rate was calculated based on 12.8 hours billed by Kyle Pulis, Esq. at a rate of $450.00 per hour ($5,760), and 35.9 hours billed by Valeria Fernandez, Esq. at a rate of $350.00 per hour ($12,565). The lodestar does not include hours spent on this litigation by our firm's paralegal or legal assistant. Although the case has settled at an early stage, Plaintiffs' attorneys expended significant hours on this case calculating damages and negotiating a settlement.  Accordingly, the hourly rate requested by all counsel is approximately $131.71 per hour, which is calculated by dividing the requested fee of $6,414.45 by the total amount of hours billed, that being 48.7.  Kyle Pulis, Esq. is Partner with 15 years of experience in Labor and Employment law, with much of that devoted to FLSA cases, and Valeria Fernandez, Esq. is an Associate with 3 years of experience handling FLSA matters.  Courts in this district have routinely approved rates greater than $131.71 per hour for attorneys with comparable levels of experience. *See Griffin v. Astro Moving & Storage Co. Inc.*, No. 11-CV-1844 (MKB), 2015 U.S. Dist. LEXIS 43326, 2015 WL 1476415, at *8 (E.D.N.Y. Mar. 31, 2015) (reasonable hourly rates are $300 to $450 for partners, $200 to $325 for senior associates, and $100 to $200 for junior associates); *Jean v. Auto & Tire Spot Corp.*, No. 09-CV-5394 (ARR) (RLM), 2013 U.S. Dist. LEXIS 74570, 2013 WL 2322834, at *6 (E.D.N.Y. May 28, 2013) (rates for "attorneys handling FLSA cases . . . usually range from $300 to $400"); *Barella v. Vill. of Freeport*, 16 F. Supp. 3d 144, 2014 WL 1672364 at *50-51 (E.D.N.Y. 2014) ($400 for attorney with eleven years' experience); *Pall Corp. v 3M Purification Inc.*, 2012 US Dist LEXIS 76755, at *11 (EDNY June 1, 2012)("Recent opinions issued by courts within the Eastern District of New York have found reasonable hourly rates to be approximately $300-$450 for partners, $200-$325 for senior associates, and $100-$200 for junior associates.").

Accordingly, the requested fee of $6,414.45 is reasonable based upon a rate of $131.71 per hour for all hours of work performed on this file.  Furthermore, even after the requested attorneys' fees are deducted from the gross Settlement Amount, plaintiffs Jose and Iraida Oliva are still recovering nearly 100% or more of what their calculated unpaid wages were without liquidated damages and other penalties. ($8,246.70 and $3,077.81, respectively).

---

[1] Plaintiffs' counsel's contemporaneous billing records are attached hereto as Exhibit B.



**Bell Law Group, PLLC**
116 Jackson Avenue
Syosset, New York 11791
T (516) 280-3008
F (516) 706-4692
BellLG.com

      Should Your Honor have any questions or concerns regarding this settlement, the Parties are happy to address them. The Parties thank the Court for its attention to this matter.

                Respectfully submitted,

                BELL LAW GROUP, PLLC

                _____/s/_____
                Valeria Fernandez, Esq.
                Attorneys for Plaintiff
                116 Jackson Avenue
                Syosset, New York 11791
                Tel: 516-280-3008
                Fax: 516-706-4692
                vf@belllg.com

Enclosures

cc: All counsel of record (via ECF)